**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MICHAEL L. BAKER, JR.,

    Plaintiff,

v.                                                    Case No. 3:18-cv-1259-J-32PDB

DETECTIVE B. LUEDTKE, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Michael L. Baker, Jr., a pretrial detainee at the Clay County Jail, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1) (Complaint).[1] He also filed a request to proceed as a pauper (Doc. 2). Plaintiff names as Defendants Detective B. Luedtke, a detective with the Clay County Sheriff's Office, and Jonathan D. Sacks, an assistant state attorney. See Doc. 1.

Plaintiff is currently in pretrial custody for the following pending state criminal charges: possession of a firearm by a convicted felon; possession of a controlled substance; possession of cocaine; improper exhibition of a firearm or dangerous weapon; possession of less than twenty grams of cannabis; and resisting or obstructing officer without violence. See State v. Baker, Jr., No. 10-2017-CF-162-AMX (Fla. 4th Cir. Ct.). He claims that Defendants violated his Fourth, Fifth, Fourteenth, and Eighth Amendments through "perjury," "m[a]lfeasance," "malic[i]ous prosecution,"

---

[1] Attached to the Complaint is "Exhibit A" (Doc. 1-1) that details the factual allegations supporting Plaintiff's claims. See Doc. 1-1.

and "false imprisonment." Doc. 1 at 3. In support of this contention, Plaintiff avers that Defendant B. Luedtke declined to stop Plaintiff's criminal investigation after another police officer made a false statement about Plaintiff engaging in a drug transaction. See Doc. 1-1 at 1. Plaintiff also asserts that Defendant Sacks used a false statement to ensure that Plaintiff would remain in jail without bond. See id. at 2. He claims that he has suffered "cognitive thinking," "anger issues," "pain and suffering," "P.T.S.D.," "mental disoriented," and "depression." Doc. 1 at 5. He requests $50,000 in "actual damages" against Defendant Sacks, and $50,000 in "actual damages" and $50,000 in "punitive damages" against Defendant B. Luedtke. Doc. 1 at 5.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless."

Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured under the Constitution or laws of the United States. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Moreover, "conclusory

3

allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Initially, Plaintiff's allegations against Defendants are premature claims of malicious prosecution. See Williams v. Holland, No. 3:15-cv-1322-J-20TEM, 2006 WL 27716, at *2 (M.D. Fla. Jan. 5, 2006). "In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that give rise to the action has terminated in favor of the accused." Id. (citing Heck v. Humphrey, 512 U.S. 477, 484 (1994). Here, Plaintiff has not alleged that the underlying criminal case has terminated in his favor. As such, he has currently failed to state a claim upon which relief may be granted.

Further, to the extent Plaintiff is attempting to hold Defendant B. Luedtke liable for another officer's actions based on the theory of respondeat superior, the Eleventh Circuit has rejected this theory of liability in § 1983 cases. See Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (citing Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, these claims against Defendant B. Luedtke are due to be dismissed.

Insofar as Plaintiff seeks money damages against Defendant Sacks, the assistant state attorney who signed Plaintiff's Information, his claims are due to be dismissed. Prosecutors are "entitled to absolute immunity from damages for acts or

4

omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984)). As such, Plaintiff cannot recover monetary damages from Defendant Sacks for actions he took or is taking as a prosecutor in Plaintiff's state court criminal case. The only relief requested against Defendant Sacks is monetary damages; thus, the claims against him are due to be dismissed.

Finally, and perhaps most importantly, much of Plaintiff's allegations deal with his ongoing state court criminal case. This Court will abstain from interfering with those proceedings. Plaintiff may address his concerns with the state court by filing an appropriate motion in that court or voicing his concerns at a scheduled hearing.

It is, therefore, **ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Michael L. Baker, Jr., #145114